IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VANESSA FIGUEIRAS, KAMERON ROBINSON,

    Plaintiffs,

v.                                                  CASE NO. 1:09-cv-00227-MP -GRJ

DEVEREUX FOUNDATION INC,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Docs. 87 and 88, motions for clarification of the order authorizing notice to similarly situated employees, Doc. 85. First, defendant Deveraux Foundation, Inc. ("Deveraux" or "Deveraux Foundation") requests several points of clarification in its motion, Doc. 87. Defendant seeks clarification as to whether it must post the approved notice at locations at which no Case Managers work, how it may protect the privacy of employees to whom the notice has been sent, and the terminology used in the notice to describe potential plaintiffs. Plaintiffs do not oppose those requested clarifications.

Defendant also seeks clarification as to how long the notice must remain posted at its offices, Defendant desiring only to keep the notice posted for forty-five (45) days, and Plaintiffs preferring the notice be posted for one hundred eighty (180) days. Defendant argues that, as the notice specifies that potential plaintiffs may opt-in within forty-five days of the date of the notice, it need not remain posted beyond that time. Plaintiffs argue that the non-retaliation provision should be available to all employees while this suit is pending, and that keeping the notice posted for one hundred eighty days would better protect Devereux employees.

The notice currently specifies, in Section IV, that to opt-in, a potential plaintiff must complete the opt-in form and forward it to the designated attorneys within forty-five days from the date of the notice, which is dated September 20, 2010. Potential plaintiffs must opt-in by completing and sending in the form, therefore, no later than Thursday, November 4, 2010. In Section VI, the notice assures readers that Deveraux Foundation may not retaliate against them for taking part in this case or otherwise exercising their rights under the Fair Labor Standards Act. While it is true that employees continue to be protected by the non-retaliation provisions of the Fair Labor Standards Act after the time to opt-in has passed, that language is included in the instant notice specifically to assure potential opt-in plaintiffs that they will not be punished for choosing to join this lawsuit. That specific assurance becomes irrelevant after the time to join the lawsuit has run.

Because of an administrative delay in addressing these motions for clarification, however, even if the notices were posted immediately upon the issuance of this order they would not be up for thirty days before November 4, 2010. Defendant's motion for clarification recites that the parties agree on a proposal to rectify the contradiction between the time period specified to opt-in in Section IV and the time period specified in the "No Legal Effect In Not Joining This Suit" section. Yet, that proposal is not forthcoming. In its absence, the Court will modify the dates specified in the earlier order to provide consistent and sufficient guidance to potential opt-in plaintiffs.

Next, Plaintiff has requested one modification to the form plaintiffs may use to opt-in to the litigation, to make it consistent with the Court's rulings thus far. Defendant does not oppose the proposed change to the opt-in form.

Accordingly, it is

*Case No: 1:09-cv-00227-MP -GRJ*

**ORDERED AND ADJUDGED:**

1. Motion for Clarification by Plaintiffs, Doc. 88, is GRANTED.

2. The "Consent to Become a Party Plaintiff" form shall be modified to state "within the past (3) years" rather than "within the past (2) years" to make it consistent with the Court's order at Doc. 85 and the rest of the notice.

3. Motion for Clarification by Defendant, Doc. 87, is GRANTED IN PART, as follows:

4. Deveraux will post the notice in its offices no later than close of business Thursday, October 7, 2010.

5. Deveraux must post the notice in each of its offices, whether Case Managers are assigned to work there or not.

6. Deveraux may file the list of Case Managers to whom the notice has been sent under seal. The list shall include the employees' addresses.

7. References in the notice and consent to "Family Service Counselors" shall be changed to refer to "Case or Care Managers," as requested by both parties.

8. Section IV shall be edited to read "(which is sixty (60) days from the date of this notice)" rather than "(which is forty-five (45) days from the date of this notice)." The blank in Section IV shall be filled in with "November 19"

9. The "No Legal Effect In Not Joining This Suit" section will be altered to read in "within sixty (60) days from the date of this Notice," rather than "within ninety (90) days from the date of this Notice," to be consistent with Section IV.

10. Deveraux may remove the posted notices on Saturday, November 20, 2010.

**DONE AND ORDERED** this   5th day of October, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge