IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VANESSA FIGUEIRAS, MONROE RIVERS, KAMERON ROBINSON,

    Plaintiffs,

v.                                    CASE NO. 1:09-cv-00227-MP-GRJ

DEVEREUX FOUNDATION INC,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 181, Plaintiffs' Motion to Allow Representative Participation in Mediation. Plaintiffs propose that mediation proceed on a representative basis; that is, due to the large number of plaintiffs, all plaintiffs be represented by three to five plaintiff representatives selected by plaintiffs' counsel, with notice of this mediation procedure and of any proposed settlement agreed to by the plaintiff representatives provided to the absent plaintiffs, affording them an opportunity to object and be heard, where appropriate, at a hearing. Defendant has no objections to this motion.

The Court has broad discretion to direct the mediation process under Federal Rule of Civil Procedure 16(c)(2)(I). The procedure requested by the parties was successfully utilized by the court in *Talbott v. Lakeview Center, Inc.*, Case No. 3:09cv263/MCR/MD (N.D. Fla. Order of June 6, 2011). The FLSA permits such a procedure, *see Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 727-28 (E.D. La. 2008), and it is consistent with the notice to similarly situated class members approved by the Court.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The plaintiffs' motion is **GRANTED** and the case is referred to mediation to take place on November 14, 2011 in Gainesville, Florida.

2. The mediation shall proceed on a representative basis with the plaintiffs being represented at the mediation by no less than three plaintiffs select by plaintiffs' counsel whose decisions at mediation shall be binding on all other plaintiffs in the case, subject to notice and an opportunity to object and, where appropriate, be heard regarding the fairness of any settlement reached at mediation. Notice of the mediation and representative process shall be communicated via email or first class mail to all the plaintiffs and any written objections shall be presented to this court for consideration. Plaintiffs' counsel may communicate with any plaintiffs who do not attend the mediation regarding all matters discussed at the mediation, provided that such nonattending plaintiffs agree to maintain the confidentially of the information communicated.

3. Unless otherwise agreed upon by the parties, the proposed settlement amount, if any, will be in the form of a dollar figure for each individual plaintiff and will be subject to review by this court.

4. Any plaintiff objecting to the mediation process and procedure set forth in this Order must submit such objection to plaintiffs' counsel on or before the close of business, October 21, 2011. Plaintiffs' counsel shall file such objection with the Court upon receipt and the Court shall enter such order as is appropriate.

5. Plaintiffs' counsel shall immediately provide a copy of this Order and Notice to all plaintiffs by e-mail, where possible, or first class U.S. Mail. Objections by Plaintiffs to this mediation and settlement procedure shall be reported to this court. Such objections may be considered and result in the modification of this order.

6. The parties shall report to the Court the results of mediation within 3 days after the close of mediation, but no later than the close of the 60 day mediation period. Any settlement reached by the parties shall be subject to approval by the Court. All plaintiff class members will be provided notice of and an opportunity to object to the settlement and, where appropriate, be heard thereon. While any plaintiff will have the opportunity to object, such an objection does not preclude approval by this Court.

**DONE AND ORDERED** this __7th__ day of October, 2011

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge
