IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VANESSA FIGUEIRAS,
MONROE RIVERS, KAMERON
ROBINSON,

    Plaintiffs,

v.                                                      CASE NO. 1:09-cv-00227-MP-GRJ

DEVEREUX FOUNDATION INC,

    Defendant.

_____/

## O R D E R

This matter is before the Court on Doc. 174, Plaintiffs' Motion to Compel. Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 26.2 Plaintiffs request the Court to enter an order compelling Defendant to provide better answers to Interrogatory No. 4 of Plaintiffs' Second Interrogatories and to produce documents in response to Request No. 1 of Plaintiffs' Second Request for Production of Documents.  The Defendant has responded in opposition to Plaintiff's Motion to Compel. (Doc. 175.)  On November 22, 2011, the Court held a teleconference hearing, in which both parties participated.

In this collective action the Plaintiffs are current and former employees of the Defendant who worked as case managers providing foster care and child protective services to children within the state of Florida dependency system. One of the defenses asserted by Defendant is that the Plaintiffs were employed in a "bona fide professional capacity" under 29 U.S.C. § 213(a)(1). While Plaintiffs raise a number of issues in their

motion to compel, the gist of the discovery dispute between the parties focuses upon disclosure of information related to case managers who have not opted-in to this case. Specifically, while Defendant objects to the disclosure of information related to the non-opt-ins, Defendant, nonetheless, produced a chart identifying each case manager by their initials, and as to each case manager, identifying the location, title, date of hire, degree and area of focus. *See,* Chart attached to Defendant's motion, doc. 174, as exhibit "D." (the "Non-Opt-In Chart.")  Additionally, while Defendant objected to the disclosure of information for the requested three year period, the Non-Opt-In Chart provided by Defendant apparently covers the relevant three year period. Plaintiffs argue that the information is deficient because Defendant did not include any information relating to the type of certifications and the dates of certification for each case manager and did not provide any information relating to the experience of each case manager. Plaintiffs also contend that the name of each case manager should be disclosed – and not just their initials – so that the Plaintiffs will be able to identify any case managers they wish to depose.

 For the reasons discussed by the Court on the record, which are incorporated into this Order, the Court concludes that the Plaintiffs are entitled to relevant information for all case managers employed by the defendant from January 1, 2007 to May 9, 2010, the date Defendant ceased paying case managers on a salaried basis as exempt employees. Relevant information shall include information regarding the type of certifications and the dates of certification for each case manager during the relevant

*Case No: 1:09-cv-227-MP-GRJ*

period of time.[1] The disclosure of information relating to the certifications of the case managers could be relevant to the issue of good faith. During the hearing, Defendant advised the Court that one of its defenses was that the Defendant operated in good faith based upon the advice of counsel. As part of the advice provided by counsel, the certifications held by the respective case managers was an issue the Defendant was advised by counsel was relevant to determining whether a case manager was exempt. The experience of the case manager, however, was not included as a significant factor in the advice provided by counsel. Moreover, counsel for the Defendant represented that it was not raising experience in this case as part of Defendant's defense that case managers were exempt under the "bona fide professional capacity" exemption. Consequently, the Court concludes that the disclosure of information relating to the experience of each case manager listed on the chart is not relevant and therefore Defendant shall not be required to include this information on the chart.

Lastly, with respect to the disclosure of the name of each non-opt-in case manager the Court concludes that there is no compelling reason for Defendant to disclose their names. Therefore, to protect the privacy of current and past employees, the Defendant shall be permitted to redact their names and identify the individuals by their initials.

Accordingly, for these reasons, it is **ORDERED** as follows:

1. Plaintiff's motion to compel, Doc. 174, is **GRANTED IN PART** and **DENIED IN PART** as detailed in this order.

---

[1] Defendant shall be required to have a representative certify the accuracy of the information in the updated chart referenced in this order so that the information would have the same evidentiary status as a party's answers to interrogatories.

*Case No: 1:09-cv-227-MP-GRJ*

2. On or before **December 9, 2011** the Defendant shall provide the Plaintiffs with an updated Non-Opt-In Chart, which shall identify the type and dates of certifications for all case managers employed by the defendant from January 1, 2007 to May 9, 2010..

**DONE AND ORDERED** this 23rd day of November, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge